# EXHIBIT 1

3
WM
7/12/0
1445

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS | (8/01/08) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Chancery _____ DIVISION

No. 1 CH 23685

Tyanna Qualls
_____
(Name all parties)

v.

Alpine Direct Services, LLC, Daniel Koetting, and Jaino Perez
_____

Alpine Direct Services, LLC
c/o The Corporation Trust Company
of Nevada (Registered Agent)
311 S. Division Street
Carson City, NV 89703

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106 _____

Name: Edelman, Combs, Latturner & Goodwin, LLC _____

Atty. for: Plaintiff _____

Address: 120 S. LaSalle Street, Suite 1800 _____

City/State/Zip: Chicago, IL 60603 _____

Telephone: (312) 739-4200 _____

WITNESS, _____, 

DOROTHY BROWN          JUL 05 2011
_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: ____ (312)      419-0379
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Chancery Division Civil Cover Sheet - General Chancery Section          (Rev. 6/15/09) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Tyanna Qualls
_____
                                    Plaintiff

                v.

Alpine Direct Services, LLC, Daniel Koetting, and Jaino Perez
_____
                                    Defendant

No. _____

11CH23685

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the line in front of the appropriate category which best characterizes your action being filed.

0005_____  Administrative Review
0001  X ___  Class Action
0002_____  Declaratory Judgment
0004_____  Injunction

0007_____  General Chancery
0010_____  Accounting
0011_____  Arbitration
0012_____  Certiorari
0013_____  Dissolution of Corporation
0014_____  Dissolution of Partnership
0015_____  Equitable Lien
0016_____  Interpleader
0017_____  Mandamus
0018_____  Ne Exeat

0019_____  Partition
0020_____  Quiet Title
0021_____  Quo Warranto
0022_____  Redemption Rights
0023_____  Reformation of a Contract
0024_____  Rescission of a Contract
0025_____  Specific Performance
0026_____  Trust Construction
_____  Other (specify)_____

By: _____
        Attorney                    Pro Se

Atty. No.: 41106
Name: Edelman, Combs, Latturner & Goodwin, LLC
Atty. for: Tyanna Qualls
Address: 120 S. LaSalle, Suite 1800
City/State/Zip: Chicago, IL 60603
Telephone: 312-739-4200

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| TYANNA QUALLS,<br>on behalf of plaintiff and the<br>class members described below,<br><br>                    Plaintiff,<br><br>      vs.<br><br>ALPINE DIRECT SERVICES, LLC,<br>DANIEL KOETTING and<br>JAINO PEREZ,<br><br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    11CH23685 |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

    1.    Plaintiff Tyanna Qualls brings this action to secure redress from usurious loans made over the Internet to Illinois residents by Alpine Direct Services, LLC. Also named are the two managers of Alpine Direct Services, LLC, Daniel Koetting and Jaino Perez. Plaintiff alleges violation of the Illinois Interest Act, the Illinois Payday Loan Reform Act, and the Illinois Consumer Fraud Act.

### JURISDICTION AND VENUE

    2.    Venue and personal jurisdiction in this District are proper because defendant Alpine Direct Services, LLC offered and made illegal loans to residents of this District and collected such loans by debiting bank accounts located in this District. The individual defendants caused Alpine Direct Services, LLC to engage in such conduct.

### PARTIES

    3.    Plaintiff is a resident of Cook County.

    4.    Defendant Alpine Direct Services, LLC is a limited liability company chartered under the law of Nevada. Its registered agent and office is The Corporation Trust

1

Company of Nevada, 311 S. Division Street, Carson City, NV 89703.

     5.    Defendants Daniel Koetting and Jaino Perez are the sole managers of defendant  Alpine Direct Services, LLC., and had between them complete control over its actions.

     6.    Koetting may be found at 1111 Sixth Avenue, Suite 402, San Diego, CA 92101 or 855 Archer Street, San Diego, CA 92109.

     7.    Perez may be found at 1111 Sixth Avenue, Suite 402, San Diego, CA 92101 or 1570 East 17th Street, Suite E, Santa Ana, CA 92705-8511.

     8.    On information and belief, Daniel Koetting and Jaino Perez are also the equity owners of Alpine Direct Services, LLC.

     9.    Alpine Direct Services, LLC is and was engaged in the business of soliciting and making high-interest loans to persons residing in Illinois and elsewhere.

     10.    The rate of interest on all of its loans exceeds 20%.

     11.    Alpine Direct Services, LLC sought out Illinois residents for such loans.

     12.    Alpine Direct Services, LLC made no attempt to exclude residents of Illinois from obtaining its loans.

     13.    Defendant Daniel Koetting and Jaino Perez caused and authorized Alpine Direct Services, LLC to make loans to Illinois residents and to do so at more than 20% interest.

## FACTS

     14.    In 2010, plaintiff obtained a loan from Alpine Direct Services, LLC, at a rate exceeding 20%.

     15.    In connection with the loan, $75 was removed by Alpine Direct Services, LLC from plaintiff's Chicago, Illinois bank account by ACH debit on February 26, 2010.

     16.    In connection with the loan, $75 was removed by Alpine Direct Services, LLC from plaintiff's Chicago, Illinois bank account by ACH debit on March 3, 2010.

2

17.    In connection with the loan, $30 was removed by Alpine Direct Services, LLC from plaintiff's Chicago, Illinois bank account by ACH debit on March 3, 2010.

18.    On information and belief, the loan was "rolled over" on March 3, 2010.

19.    The loan was obtained for personal, family or household purposes and not for business purposes.

20.    Alpine Direct Services, LLC was never licensed to make loans of any type by the Illinois Department of Financial and Professional Regulation.

21.    All loans made by Alpine Direct Services, LLC to Illinois residents were made at an annual percentage rate exceeding the 9% which a non-bank lender which does not have a license from the Illinois Department of Financial and Professional Regulation may charge for a loan made to an Illinois resident.  815 ILCS 205/4.

22.    815 ILCS 205/4 provides:

**815 ILCS 205/4.  General interest rate**

**Sec. 4. General interest rate. (1) Except as otherwise provided in Section 4.05 [815 ILCS 205/4.05], in all written contracts it shall be lawful for the parties to stipulate or agree that 9% per annum, or any less sum of interest, shall be taken and paid upon every $ 100 of money loaned or in any manner due and owing from any person to any other person or corporation in this state, and after that rate for a greater or less sum, or for a longer or shorter time, except as herein provided. . . .**

23.    All loans made by Alpine Direct Services, LLC to Illinois residents were made at an annual percentage rate exceeding 20%.

24.    All loans made by Alpine Direct Services, LLC to residents of Illinois were unlawful and unenforceable, and were made at more than twice the lawful rate of interest that could be charged by Alpine Direct Services, LLC. 720 ILCS 5/39-1

25.    Defendants knew or recklessly disregarded the fact that the loans Alpine Direct Services, LLC made and collected were unenforceable.

26.    The Illinois Department of Financial and Professional Regulation has posted notices on its Web site concerning the making of payday and high-interest loans to

3

Illinois residents by unlicensed lenders located in other states and foreign countries, along with

at least one order finding that such unlicensed loans were unlawful (See Exhibits A-D).

## COUNT I – INTEREST ACT

27.     Plaintiff incorporates paragraphs 1-26.

28.     This claim is against Alpine Direct Services, LLC.

29.     Alpine Direct Services, LLC is liable for statutory damages under 815

ILCS 205/6, which provides:

> **815 ILCS 205/6.  [Receipt of unlawful interest, discount of charges; acts done in good faith]**
>
> **Sec. 6. If any person or corporation knowingly contracts for or receives, directly or indirectly, by any device, subterfuge or other means, unlawful interest, discount or charges for or in connection with any loan of money, the obligor may, recover by means of an action or defense an amount equal to twice the total of all interest, discount and charges determined by the loan contract or paid by the obligor, whichever is greater, plus such reasonable attorney's fees and court costs as may be assessed by a court against the lender. The payments due and to become due including all interest, discount and charges included therein under the terms of the loan contract, shall be reduced by the amount which the obligor is thus entitled to recover. Recovery by means of a defense may be had at any time after the loan is transacted. Recovery by means of an action may be had at any time after the loan is transacted and prior to the expiration of 2 years after the earlier of (1) the date of the last scheduled payment of the loan after giving effect to all renewals or extensions thereof, if any, or (2) the date on which the total amount due under the terms of the loan contract is fully paid. A bona fide error in connection with a loan shall not be a violation under this section if the lender corrects the error within a reasonable time.**
>
> **No person shall be liable under this Act for any act done or omitted in good faith in conformity with any rule, regulation, interpretation, or opinion issued by the Commissioner of Banks and Real Estate or the Department of Financial Institutions or any other department or agency of the State, notwithstanding that after such act or omission has occurred, such rule, regulation, interpretation, or opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.**

## CLASS ALLEGATIONS

30.     Plaintiff brings this claim on behalf of a  class.

31.     The class consists of (a) all individuals (b) with Illinois addresses (at the

time the loan was made) (c) to whom defendant made or from whom defendant collected a loan

4

(d) at more than 9% interest (e) at any time on or after two years prior to the filing of this action.

32.     The class is so numerous that joinder of all members is not practicable.

33.     On information and belief, there are at least 40 individuals with Illinois addresses (at the time the loan was made), to whom defendant made or from whom defendant collected a loan, at more than 9% interest, at any time on or after two years prior to the filing of this action

34.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are whether defendant made and collected loans that violated the Illinois Interest Act.

35.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and consumer credit litigation. Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

36.     A class action is appropriate for the fair and efficient adjudication of this matter, in that:

a.      Individual actions are not economically feasible.

b.      Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1)     Statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)     Such other and further relief as the Court deems proper.

## COUNT II – PAYDAY LOAN REFORM ACT / CONSUMER FRAUD ACT

37.     Plaintiff incorporates paragraphs 1-26.

38.     This claim is against all defendants.

5

39.    The Payday Loan Reform Act imposes limitations on the number and amount of payday loans for which a consumer may be obligated as well as the consideration that a payday lender may obtain. 815 ILCS 122/2-5 provides:

> . . . (e) No lender may charge more than $ 15.50 per $ 100 loaned on any payday loan over the term of the loan. Except as provided in Section 2-25 [*815 ILCS 122/2-25*], this charge is considered fully earned as of the date on which the loan is made.

40.    The Payday Loan Reform Act imposes limitations on the consideration a payday lender may obtain from a borrower.   815 ILCS 122/2-10 provides:

> Sec. 2-10. (a) If there are insufficient funds to pay a check, Automatic Clearing House (ACH) debit, or any other item described in the definition of payday loan under Section 1-10 [*815 ILCS 122/1-10*] on the day of presentment and only after the lender has incurred an expense, a lender may charge a fee not to exceed $ 25. Only one such fee may be collected by the lender with respect to a particular check, ACH debit, or item even if it has been deposited and returned more than once. A lender shall present the check, ACH debit, or other item described in the definition of payday loan under Section 1-10 for payment not more than twice. A fee charged under this subsection (a) is a lender's exclusive charge for late payment.
>
> (b) Except for the finance charges described in Section 2-5 [*815 ILCS 122/2-5*] and as specifically allowed by this Section, a lender may not impose on a consumer any additional finance charges, interest, fees, or charges of any sort for any purpose.

41.    The Payday Loan Reform Act imposes limitations on rolling over or refinancing loans. 815 ILCS 122/2-30 provides:

> Sec. 2-30.  Rollover of a payday loan by any lender is prohibited. This Section does not prohibit entering into a repayment plan, as provided under Section 2-40 [*815 ILCS 122/2-40*].

42.    This restriction followed studies showing that payday loans were repeatedly "rolled over" or refinanced, trapping consumers in a "cycle of debt."

43.    The Payday Loan Reform Act prohibits, at 815 ILCS 122/4-5, "(2) Using any device or agreement that would have the effect of charging or collecting more fees or charges than allowed by this Act, including, but not limited to, entering into a different type of transaction with the consumer" and "(7) Charging any fees or charges other than

6

those specifically authorized by this Act."

44.     The Payday Loan Reform Act defined a "payday loan" in 815 ILCS 122/1-10, as "**a loan with a finance charge exceeding an annual percentage rate of 36% and with a term that does not exceed 120 days . . . .**"

45.     All loans made by defendants to Illinois residents had an annual percentage rate in excess of 36% and a term of less than 120 days.

46.     815 ILCS 122/1-15 provides:

**Sec. 1-15. (a) Except as otherwise provided in this Section, this Act applies to any lender that offers or makes a payday loan to a consumer in Illinois.**

**(b) The provisions of this Act apply to any person or entity that seeks to evade its applicability by any device, subterfuge, or pretense whatsoever. . . .**

47.     Alpine Direct Services, LLC contracted for and collected finance charges, interest, and fees, from Illinois residents, beyond the one-time charge of $15.50 per $100 authorized by 815 ILCS 122/2-5, on payday loans.

48.     All such additional finance charges, interest, fees, and charges are unlawful and unenforceable.

49.     The loans providing for such additional finance charges, interest, fees and charges are unlawful and unenforceable.

50.     Under 815 ILCS 122/4-10(b), any material violation of the Payday Loan Reform Act constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq.

## CLASS ALLEGATIONS

51.     Plaintiff brings this claim on behalf of a class.

52.     The class consists of (a) all individuals (b) with Illinois addresses (at the time the loan was made) (c) to whom Alpine Direct Services, LLC made or from whom Alpine Direct Services, LLC collected a loan (d) at more than 9% interest (e) at any time on or after three years prior to the filing of this action.

53.     The class is so numerous that joinder of all members is not practicable.

54.     On information and belief, there are at least 40 individuals with Illinois addresses (at the time the loan was made), to whom Alpine Direct Services, LLC made or from whom Alpine Direct Services, LLC collected a loan, at more than 9% interest, at any time on or after three years prior to the filing of this action

55.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common questions are whether the loans at issue are void for violation of the Payday Loan Reform Act, and whether defendants are  liable for excess fees and charges.

56.     Plaintiff will fairly and adequately represent the interests of the class members.  Plaintiff has retained counsel experienced in consumer credit and class action cases.  Plaintiff's claim is typical of the claims of the class members.  All are based  on the same factual and legal theories.

57.     A class action is appropriate for the fair and efficient adjudication of this matter, in that:

c.      Individual actions are not economically feasible.

d.      Members of the class are likely to be unaware of their rights;

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(1)     A declaration that all loans made to plaintiff and the class members are unenforceable;

(2)     Damages equal to all amounts collected from plaintiff and the class members;

(3)     Alternatively, damages equal to all excess  finance charges collected;

8

(4)     Punitive damages;

(5)     Injunctive relief against further lending to or collection of

         loans from Illinois residents;

(6)     Attorney's fees, litigation expenses and costs of suit; and

(7)     Such other or further relief as the Court deems proper.

_____

Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

9

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a Court awards. All rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

10