


Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5465 | **DATE** | 11/10/2011 |
| **CASE TITLE** | Qualls vs. Alpine Direct Services, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to remand [13] is denied. Discovery as to whether a class exists and should be certified shall proceed apace.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Before the court is Plaintiff Tyana Qualls's ("Qualls") motion to remand. For the following reasons, the motion is denied.

    Qualls advances individual and class claims against Defendants Alpine Direct Services, LLC ("Alpine"), and two of its managers (collectively "Defendants") for violations of Illinois state laws regulating small loans at big interest rates. According to the pleadings, Qualls obtained a loan from Defendants in early 2010. She filed Chapter 13 bankruptcy in April 2011. She had not repaid the loan. Qualls did not list Alpine Direct Services, LLC, as a creditor, but Defendants were aware of Qualls's bankruptcy proceeding. In her bankruptcy filings, Qualls exempted claims against four entities, including state law claims against Defendants, which she valued at $100.

    Qualls sued Defendants on July 5, 2011, Defendants removed on August 11, 2011, and Qualls moved to remand on August 18, 2011. Qualls is suing a similar loan outfit, JD Marketing Group, LLC, against which she had also exempted claims in bankruptcy, for similar state law violations violations. See Qualls v. JD Marketing Group, LLC, No. 11 C 5464 (N.D. Ill. filed July 5, 2010). In that case as well as in this case, the defendants removed on the basis of bankruptcy jurisdiction, not diversity. In both cases, Qualls has moved to remand for lack of jurisdiction or, in the alternative, on equitable grounds.

    In JD Marketing Group, LLC, Judge Lindberg ruled that subject matter jurisdiction in bankruptcy existed and that equitable remand was inappropriate. See Minute Order, Qualls v. JD Marketing Group, LLC, No. 11 C 5464 (N.D. Ill. Sept. 29, 2011). Judge Lindberg noted that Qualls's motion was "not well edited" because it repeatedly referred not to the defendant in that case but to Alpine, the defendant in this case. Judge Lindberg's discussions of bankruptcy jurisdiction and equitable remand or abstention apply with equal force to Qualls's claims in this case. This court adopts Judge Lindberg's reasoning to resolve the instant motion.

    Defendants removed under 28 U.S.C. §§ 1452(a) and 1334(b), which grant district courts jurisdiction over "all civil proceedings arising under [the federal Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]." Mazzolin v. Lehman Bros. Real Estate Fund III, LP, No. 11 C 953, 2011 WL

| STATEMENT |
|---|

4435649, at *1 (N.D. Ill. Sept. 23, 2011) (quoting § 1334(b)). Because the parties agree, at least for now, that this case is not a core proceeding and thus is not "arising under" or "arising in" Title 11, the key words in this case are "related to." Other circuits give this phrase a broad scope as any proceeding that "could conceivably have an effect on the [bankruptcy] estate." Id. (quoting In Re FedPak Sys., Inc., 80 F.3d 207, 213 (7th Cir. 1996)). In contrast, the Seventh Circuit's narrower scope concerns only matters where "the dispute affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors." In Re FedPak Sys., Inc., 80 F.3d at 213-14. The Seventh Circuit's approach comes "out of respect for Article III . . . as well as to prevent the expansion of federal jurisdiction over disputes that are best resolved by the state courts. Id. at 214. This narrower view covers "legal claims by and against the debtor, claims that . . . would be ordinarily standalone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy." Zerand-Bernal Grp., Inc. v. Cox, 23 F.3d 159, 161 (7th Cir. 1994).

    Even under the Seventh Circuit's narrower standard, this case is within the "related to" scope of § 1334(b). It is a case between the debtor, Qualls, and a would-be creditor, Alpine, which missed the August 8, 2011 deadline to file a claim against Qualls for the unpaid loan in bankruptcy court. What is dispositive on the jurisdictional question is that the outcome of a class judgment or settlement in favor of Qualls could significantly enlarge "the amount of property for distribution" to bankruptcy creditors. In Re FedPak Sys., Inc., 80 F.3d at 213-14. The court therefore has subject matter jurisdiction.

    In the alternative, Qualls seeks relief in the form of mandatory abstention under 28 U.S.C. § 1334(c)(2), discretionary abstention under 28 U.S.C. § 1334(c)(1), or equitable remand under 28 U.S.C. § 1452(b). Like Judge Lindberg, this court finds that Qualls failed to carry her burden as to mandatory abstention and that her arguments for discretionary abstention and equitable remand are unavailing at this time. However, a federal court must always ensure it has jurisdiction. Hukic v. Aurora Loan Servs., 588 F.3d 420, 427 (7th Cir. 2009). This continuing obligation permits reassessment of jurisdiction if this non-core matter is de minimus. See Howard v. Tipton, 26 B.R. 777, 779 (Bankr. S.D. Ohio 1982) ("The de minimus nexus . . . would mandate either abstention or remand."); see also In re Baren, 47 B.R. 39, 43 (Bankr. N.D. Ill. 1984) (remanding where proceedings were non-core).

    On its face this case is worth between $100 and $150, notwithstanding Qualls's representation that the class claims are meritorious. It is dubious whether recovery in such a small amount would, for practical purposes, affect the amount of bankruptcy property. See In re FedPak Sys., Inc., 80 F.3d at 213-14. No motion for class certification is before the court, though Qualls did move for class certification in state court, see Notice of Removal, Ex. 2, at 5-8 (state court motion for class certification), and Qualls suggests that at least forty people are part of the class, see id. Ex. 1, at 7-8, 10-11 (state court complaint). The court expresses concern that, apart from Qualls's assertions, nothing suggests recovery in this case may even approach the value of the attorneys' fees so far, let alone in the future. Discovery must therefore proceed apace to determine whether a class exists and should be certified.

    IT IS SO ORDERED.

FILED
2011 NOV 10 PM 5:09
CLERK
U.S. DISTRICT COURT