# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5465 | **DATE** | 11/18/2011 |
| **CASE TITLE** | Qualls vs. Alpine Direct Services, LLC | | |

**DOCKET ENTRY TEXT**

The case is remanded on grounds of abstention and lack of subject matter jurisdiction.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Before the court is Defendants' motion to appoint an arbitrator and to stay proceedings and compel arbitration. For the following reasons, the case is remanded to state court on grounds of abstention and for lack of subject matter jurisdiction.

Plaintiff Tyanna Qualls ("Qualls") filed individual and class claims in Illinois state court against Defendants Alpine Direct Services, LLC ("Alpine"), Daniel Koetting, and Jaino Perez (collectively "Defendants"). Defendants removed the claims on the basis of "related to" Title 11 jurisdiction. The court on October 10, 2011, denied Qualls's motion to remand, pending a determination of whether the value of the federal dispute "affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors." In Re FedPak Sys., Inc., 80 F.3d 207, 213 (7th Cir. 1996).

Qualls's individual claim, according to her bankruptcy filings, is worth $100. Defendants contend the arbitration clause in Qualls's loan note precludes class claims. In a case involving the same arbitration clause, Qualls v. JD Mktg. Grp., LLC, No. 11 C 5464 (N.D. Ill. filed July 5, 2010), Judge Lindberg found the arbitration agreement enforceable. Judge Lindberg also agreed to appoint an arbitrator, since the National Arbitration Forum, the exclusive forum, was no longer available.

Circuits are split on whether a court may appoint an arbitrator under Section 5 of the Federal Arbitration Act when the exclusive arbitrator named in the clause is unavailable. Some enforce while others find the forum term too "integral" for the clause to survive. See Jones v. GGNSC Pierre LLC, 684 F. Supp. 2d 1161, 1165 (D.S.D. 2010) (comparing In Re Salomon Inc. S'holders' Derivative Litig., 68 F.3d 554 (2d Cir. 1995) (refusing to enforce), with Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217 (11th Cir. 2000) (enforcing), and Reddam v. KPMG, LLP, 457 F.3d 1054 (9th Cir. 2006) (enforcing), overruled on other grounds by Powerex Corp. v. Reliant Energy Srvs., Inc., 551 U.S. 224 (2007)).

The court agrees with Judge Lindberg and with Defendants that, under federal law, Alpine's arbitration clause would be enforceable. See Zechman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 742 F. Supp. 1359, 1364-66 (N.D. Ill. 1990) (finding that although the arbitration clause named the exclusive

regulations of a forum no longer available, it was "in essence an agreement to resolve disputes by arbitration"). Under the agreement, Qualls's class claims are precluded.

Defendant argues that the court must therefore appoint an arbitrator to resolve the claim. For support, Defendant urges the court to follow Judge Pallmeyer's decision, in a minute order, to appoint an arbitrator in a payday loan case. See Alexander v. Pack Mgmt. Grp., LLC, No. 11 C 503 (N.D. Ill. June 9, 2011). That case included a federal civil RICO claim, 18 U.S.C. 1961, and therefore "arising under" jurisdiction pursuant to 28 U.S.C. §1331 existed, with state claims coming under § 1367. In contrast, this case involves only state law claims and the more tenuous "related to" Title 11 jurisdiction under 28 U.S.C. §§ 1452(a) and 1334(b).

The Seventh Circuit has, compared to other circuits, defined "related to" narrowly. The Seventh Circuit rejected a notion of "related to" jurisdiction for a dispute that "could *conceivably* have an effect on the bankruptcy estate." In Re FedPak Sys., Inc., 80 F.3d at 213 (emphasis added). Instead, citing respect for Article III and apprehension at expanding federal jurisdictional limits, the Seventh Circuit holds that "related to" jurisdiction exists only where "the dispute affects the amount of property for distribution." Id. at 213-14. The "related to" language, the court stressed, should not be read broadly. Id. at 214.

The court notes that Qualls's individual claim is not property of the bankruptcy estate. Nor is Alpine a bankruptcy creditor; it missed the deadline to file a bankruptcy claim. Alpine was not formally listed by Qualls as a creditor, but Alpine had actual knowledge of Qualls's bankruptcy proceeding, which is now closed. In any case, the claim is worth, according to the exemption filing, at most $100. That figure is likely the ceiling on Quall's recovery. It could be chopped down by an arbitrator.

Under the broad "related to" standard the Seventh Circuit rejected, a $100 recovery "could conceivably" affect the bankruptcy estate. But probably not. It is not worth a creditor's trouble to pry open a closed bankruptcy proceeding for the equivalent of cab fare, or whatever fraction of the initially puny sum it is owed. This reasoning is in line with the Seventh Circuit's rejection of a broad scope for "related to" jurisdiction. See In Re FedPak Sys., Inc., 80 F.3d at 213. "We believe that common sense cautions against an open-ended interpretation of the 'related to' statutory language in a universe where everything is related to everything else." Id. at 214 (internal quotations omitted).

Strictly speaking, $1 affects the "amount of property" *available* to a bankruptcy estate. But it is not clear that $1 "could conceivably" have an effect *on the estate* because it is de minimus—it likely has no conceivable effect as a practical matter. Cf. Howard v. Tipton, 26 B.R. 777, 779 (Bankr. S.D. Ohio 1982) ("The de minimus nexus . . . would mandate either abstention or remand."). Permitting "related to" jurisdiction for such a meager sum would collapse the "amount of property" standard into the "could conceivably" standard, or even invert them. Such an approach would not respect Article III's limits on federal jurisdiction and would contradict the Seventh Circuit's directive in In Re FedPak Sys., Inc.

Doubts about removal jurisdiction should be resolved in favor of remand. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). Because the amount at issue in Qualls's individual claim would not, as a practical matter, affect the amount of property in the bankrupty estate, the court lacks subject matter jurisdiction under 28 U.S.C. §§ 1452(a) and 1334(b). Absent jurisdiction, the court cannot consider the merits, including whether or not the arbitration clause is enforceable, except to determine whether or not it has jurisdiction. See Brown v. Calamos, No. 11-1785, 2011 WL 5505375, at *4 (7th Cir. Nov. 10, 2011). As an alternative ground for remand pursuant to § 1334(c) discretionary abstention, the court detects a strong likelihood of forum-shopping where unsettled law would appear to offer a very different outcome on the merits in Illinois state court rather than federal court. See Prime Dev., Inc. v. First Clover Leaf Bank, No. 10-445-DRH, 2010 WL 4919608, at *3 (N.D. Ill. Nov. 29, 2010); see also Carr v. Gateway, Inc., 944 N.E.2d 327, 334-37 (Ill. 2011). The case is remanded on grounds of abstention and lack of jurisdiction.

IT IS SO ORDERED.